NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> TRAVIS THOMAS, <br><br> Defendant. | Criminal Action No. 16-00324 (SDW) <br><br> **OPINION** <br><br> June 3, 2021 |

**THIS MATTER** having come before this Court upon Defendant Travis Thomas's ("Defendant") filing of a Motion for Reconsideration ("Motion") (D.E. 116) of this Court's March 19, 2021 opinion denying Defendant's request for compassionate release pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A) ("Opinion") (D.E. 112), and this Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion; and

**WHEREAS** on March 29, 2021, Defendant filed his Motion requesting that this Court review its Opinion. (D.E. 116.) Days later, on April 1, 2021, Defendant also appealed the Opinion. (D.E. 118.) That appeal was docketed at No. 21-1645. (D.E. 119.) On April 13, 2021, the Third Circuit stayed the appeal "pending disposition of the motion for reconsideration." (No. 21-1645, D.E. 5 (3d Cir. Apr. 13, 2021).) On June 1, 2021, the Government opposed the Motion. (D.E. 121); and

**WHEREAS** Defendant premises his Motion on three arguments: (1) the fact that, *inter alia*, this Court discussed "Mr. Thomas's use of a cellphone while incarcerated" as relevant to the Section 3553(a) factors, (D.E. 116-1 at 1); (2) Defendant's mental health issues, (*id.* at 2 n.2); and "[o]ther indicia of [Defendant's] significant rehabilitation," (*id.* at 2). In opposition, the Government argues that (1) Defendant "has been vaccinated against COVID-19 and therefore does

not present an extraordinary and compelling reason permitting relief," (D.E. 121 at 1); and (2) the "recent dismissal of his cellphone offences does not alter this Court's prior 3553(a) analysis," (*id*.); and

**WHEREAS** under the First Step Act, a defendant seeking a modification in his term of imprisonment "bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020). Next, this Court must assess whether "the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *United States v. Brown*, Crim. No. 13-282, 2021 WL 372856, at *2 (W.D. Pa. Feb. 3, 2021) (citation omitted). Generally, a district court has limited authority to modify a federally imposed sentence once it commences. *See Epstein*, 2020 WL 1808616 at *2; and

**WHEREAS** to the extent that the dismissed cellphone charge can be construed as "new evidence" under the Section 3553(a), Defendant's circumstances still do not merit early release. (D.E. 112 at 4 (explaining that "Defendant's lengthy criminal history" involved "*inter alia*, robbery, drug trafficking, assault, possession of a machine gun, resisting arrest, and possession of a cell phone while incarcerated").) When originally assessing the Section 3553(a) factors, this Court noted the sheer length and gravity of Defendant's "extraordinarily serious" criminal history, and explained that, while Defendant had only served a small percentage of his sentence, his

offenses required a "significant sentence to promote respect for the law and to signal a message of deterrence." (*Id*.)  That the cellphone offense was dismissed does not alter this conclusion; and

WHEREAS as for Defendant's "mental health concerns," this Court's Opinion noted that Defendant's briefing failed to explain how those concerns would "overcome the Section 3553(a) factors, which counsel against early release." (*Id*. at 3 n.2.)  Although Defendant seems to suggest that this Court did not consider the submitted health records, in fact, the Opinion merely noted that Defendant's briefing gave those records "cursory treatment." (*Id*.)  After considering that briefing and supporting documents, this Court concluded that Defendant's mental health was not a sufficient reason to grant early release due to COVID-19.  (*See id*.; D.E. 104, Ex. B.)  Defendant has not provided new evidence that would require altering that conclusion.  (D.E. 116.)  Moreover, although the Government previously conceded that Defendant may exhibit some physical "risk factors" for COVID-19, (D.E. 107 at 8), its opposition retracts that concession and contends that, because Defendant is now fully vaccinated, there are no extraordinary or compelling circumstances present in this case, (D.E. 121 at 1).  Given Defendant's vaccination status, this Court agrees that any risk factors that may have existed, whether physical or mental, no longer present the same COVID-19 concerns.  *See United States v. Doostdar*, Crim. No. 18-255, 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) (denying compassionate release because defendant's "probability of becoming ill from COVID-19 [was] significantly diminished" post-vaccination); and

WHEREAS this Court has also previously considered and rejected Defendant's evidence of rehabilitation, (*compare* D.E. 116-1 (discussing Defendant's work as an orderly, GED studies, disciplinary record, and coursework) *with* D.E. 104 at 14 (discussing Defendant's work as an orderly, GED studies, disciplinary record, and coursework)), concluding that the Section 3553(a)

3

factors continue to weight decidedly against release, (D.E. 112 at 3 (noting that Defendant "avers that the enumerated purposes of punishment weigh in favor of modifying his sentence), 4-5 (concluding that the Section 3553(a) factors are "dispositive in this case" and "do not support a reduction in Defendant's sentence"). As stated by the Government, other "factors, specifically the seriousness of [Defendant's] narcotics offense, his substantial criminal history, including his history of violence, and the need for him to serve a full sentence to deter him and others adequately, preclude relief." (D.E. 121 at 2.)

**WHEREAS** the Motion has not presented grounds sufficient to alter this Court's Opinion based on the Section 3553(a) factors. To the contrary, the Motion has resulted in this Court becoming aware that, to the extent "extraordinary or compelling" circumstances did once exist, any associated risks have since been mitigated through vaccination.

Accordingly, for the reasons set forth above, Defendant's Motion (D.E. 116) is **DENIED**. An appropriate order follows.

   /s/ Susan D. Wigenton   
**United States District Judge**

Orig: Clerk
cc:     Parties